XAVIER BECERRA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
KYLE A. LEWIS
Deputy Attorney General
State Bar No. 201041
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3585
  Fax:  (415) 703-5843
  E-mail:  Kyle.Lewis@doj.ca.gov
*Attorneys for Defendant*
*State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH STEWART III, et al.,** | Case No. 18-1778 |
| Plaintiffs, | (Marin County Superior Court, Case No. CIV1800401) |
| **v.** | |
| **STATE OF CALIFORNIA, et al.,,** | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION); DEMAND FOR JURY TRIAL** |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant State of California removes the state action described below to this Court:

1.    On February 2, 2018, Plaintiff Kenneth Stewart III, a minor, by and through his Guardian Ad Litem, Beatriz Abrego, individually and as successor in interest to survival claims belonging to his deceased father, Kenneth E. Stewart, Jr., and Plaintiff Asiana Stewart, filed a complaint entitled *Kenneth Stewart III, et al., v. State of California, et al.* in the Marin County Superior Court for the State of California, Case No. CIV1800401.  Plaintiffs' complaint alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution, under 42

1

U.S.C. § 1983, violations of the Americans with Disabilities Act and Rehabilitation Act (ADA), under 42 U.S.C. § 12132 and 29 U.S.C. § 294, and California state law failure to summon medical care and negligence claims. Plaintiffs named the State of California, the California Department of Corrections and Rehabilitation (CDCR), San Quentin State Prison (San Quentin), Ronald Davis, and Does 1-50 as defendants. Defendant State of California was served on February 20, 2018. Counsel is not aware of service on any other named defendants to date. True and correct copies of the summons, complaint, application for appointment of guardian ad litem, and register of actions are attached as Exhibit A.

2. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States. This matter may be removed to this Court by Defendant under the provisions of 28 U.S.C. § 1441(a) because it alleges federal constitutional claims. The Supreme Court has held that for removal to be proper, a federal element in a claim must be "basic" as opposed to "collateral," and "necessary" as opposed to "merely possible." *Gully v. First National Bank*, 299 U.S. 109, 118 (1936). Courts have instructed that the federal element in the claim should be "pivotal," or "substantial," as opposed to merely "incidental," and "direct and essential" as opposed to "attenuated," or "paramount" as opposed to "collateral." *Hunter v. United Van Lines*, 746 F.2d 635, 646 (9th Cir. 1984).

3. Here, whether Plaintiffs' civil rights under the U.S. Constitution and other federal statutes have been violated by defendants are basic elements of their primary claims, and these issues are direct and essential to the resolution of the claims. Plaintiffs' complaint alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution and asserts claims under 42 U.S.C. § 1983, as well as violations of the ADA. Plaintiffs allege that decedent Kenneth Stewart, Jr. (Stewart), was a former CDCR inmate housed at San Quentin beginning in November 2015. (Compl. ¶ 13.) Plaintiffs further allege that, while at San Quentin, Stewart requested treatment for his mental health disabilities from prison officials. (*Id.* ¶ 14.) Plaintiffs further allege that defendants, including Defendant State of California, were aware of Stewart's requests and knew that in the absence of appropriate care and monitoring Stewart would likely suffer serious harm or even death, possibly at his own hands. (*Id.*) However, despite knowing

2

the danger that Stewart posed to himself, and the need to provide health care and monitoring, defendants consciously ignored Stewart's needs, and never took any steps to address the foreseeable risk or significant harm that Stewart posed to himself. (*Id*.)  Plaintiffs further allege that Stewart was found dead in his prison cell on January 27, 2017, and that the cause of death was later determined to be asphyxia resulting from hanging. (*Id*. ¶ 15.)  Plaintiffs allege that defendants' action constituted deliberate indifference to Stewart's serious medical and mental health needs in violation of the Eighth and Fourteenth Amendments, and led to Stewart taking his own life. (*Id*. ¶¶ 21-24.)  Plaintiffs further allege that defendants discriminated against Stewart based on his disability by failing to provide service and accommodations for his mental disability, and denied Stewart the equal opportunity to benefits and services afforded to other non-disabled persons, thus violating his rights under the ADA and leading to Stewart taking his own life. (*Id*. ¶¶ 33-34.)  Accordingly, this action may be removed to this Court under the provisions of 28 U.S.C. § 1441(a).

4.     Plaintiffs' remaining California state law causes of action alleging failure to summon medical care against all defendants (Compl. ¶¶ 26-28), and negligence against defendant Ronald Davis and Does 1-50 (Compl. ¶¶ 36-38), fall within federal supplemental jurisdiction under 28 U.S.C. § 1367.  Therefore, this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(c).

5.     The alleged acts occurred at a prison facility located in San Quentin, California.  The City of San Quentin is located within the County of Marin, and thus, in accordance with 28 U.S.C. 1391(b) and Civil L. R. 3-2, venue lies within the United States District Court for the Northern District of California.

6.     Defendant requests that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the Monterey County Superior Court.

7.     Under 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this notice of removal to all adverse parties and a copy of this notice shall also be filed with the Clerk of the Monterey County Superior Court.

8.    Attached as Exhibit B are courtesy copies of the Court's ECF Registration Information Handout and the Civil Local Rules (effective January 1, 2018). In accordance with Civil L.R. 4-2, Defendant will serve supplemental materials once this matter is assigned to a judge.

9.    In accordance with Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6, Defendant demands a jury trial in this action.

Dated:  March 22, 2018                                Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

/s/ Kyle A. Lewis

KYLE A. LEWIS
Deputy Attorney General
*Attorneys for Defendant*
*State of California*

SF2018200164
21097524.docx

4

# CERTIFICATE OF SERVICE

Case Name:    ***Stewart, Kenneth III, et al. v. State of California, et al.***

No.             **CIV 1800401**
                *Marin County Superior Court Case No.*

I hereby certify that on <u>March 22, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION); DEMAND FOR JURY TRIAL with Exhibits A and B**

**CIVIL COVER SHEET**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>March 22, 2018</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Joseph Lepera (SBN 207615)**
**Lepera & Associates**
**601 Montgomery St., Ste. 665**
**San Francisco, CA 94111**

**Joseph May (SBN 245924)**
**Law Office of Joseph S. May**
**1388 Sutter St., Ste. 810**
**San Francisco, CA 94109**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 22, 2018</u>, at San Francisco, California.

| B. Chung | */s/B. Chung* |
|---|---|
| Declarant | Signature |

SF2018200164/21097769.docx