UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH STEWART, et al.,
    Plaintiffs,
    v.
STATE OF CALIFORNIA, et al.,
    Defendants.

Case No. 18-cv-01778-PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 31

Defendant State of California's (the "State") motion to dismiss the Second Amended Complaint (the "SAC") came on for hearing before this court on November 28, 2018. Plaintiff Kenneth Stewart, III appeared through his counsel, Joseph May. Defendant appeared through its counsel, Kyle Lewis. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS IN PART AND DENIES IN PART defendant's motion to dismiss, for the reasons stated at the hearing and as briefly summarized below.

As the parties are familiar with both the allegations in the First Amended Complaint, which the court dismissed with leave to amend, see Dkt. 24, and plaintiff's minimally revised SAC, the court will not repeat them here. In short, plaintiff alleges that his father's, Kenneth E. Stewart, Jr. (the "decedent"), suicide while an inmate at San Quentin State Prison ("SQSP") was the result of defendants' failure to provide necessary medical care. Plaintiff's SAC names the State and SQSP's warden, Ronald Davis, and alleges four causes of action under: (1) 42 U.S.C. § 1983 for violations of the 8th and 14th Amendment against Davis and Doe defendants; (2) Cal. Gov. Code § 845.6 for

1  failure to summon medical care against all defendants; (3) the Americans with Disabilities
2  Act (the "ADA"), 42 U.S.C. § 12132, & the Rehabilitation Act (the "RA") for failing to
3  provide services and accommodations for the decedent's disability against the State and
4  Doe defendants; and (4) negligence against Davis and Doe defendants.

As was the case with the FAC, plaintiff has yet to serve defendant Davis and the State moves to dismiss only those causes of action alleged against it.

With respect to plaintiff's ADA and RA based cause of action, the court finds that plaintiff has plausibly stated a claim for relief and thus DENIES defendant's motion. The court, however, reminds plaintiff's counsel that the SAC currently (and likely erroneously) refers to "29 U.S.C. § 294." Plaintiff shall ensure that any future amended complaint(s) cites the correct statutory basis for plaintiff's claims.

With respect to plaintiff's § 845.6 claim, the court finds that while the SAC adds additional detail absent from the previously dismissed FAC, the SAC's allegations remain too conclusory to state a plausible claim for relief. Specifically, the SAC adds allegations about a conversation between the decedent and an unidentified SQSP guard that occurred at some point shortly before the decedent committed suicide. See Dkt. 27, SAC ¶ 14. While the unidentified guard and the decedent's discussion conveniently reached each element of plaintiff's § 845.6 claim, compare id. to Castaneda v. Dep't of Corr. & Rehab., 212 Cal. App. 4th 1051, 1070 (2013) (listing elements of a § 845.6 claim), the SAC fails to make any factual allegations about the context in which that conversation occurred. Indeed, other than alleging that the conversation happened to address each of the § 845.6 elements, the SAC does not allege any additional facts about the conversation whatsoever. Nor does the SAC allege any facts about how plaintiff or plaintiff's counsel came to know about the alleged conversation. After the court noted its concern to plaintiff's counsel, plaintiff's counsel declined to divulge how he came to know about the contents of a conversation between a guard plaintiff's counsel cannot identify and the decedent—who allegedly committed suicide shortly after the conversation took place. In fact, plaintiff's counsel declined even to describe the basis for his belief that the

conversation took place at all, let alone how he came to believe certain topics were discussed. For those reasons, the court finds that plaintiff has not stated a plausible claim for relief under § 845.6 and DISMISSES the second cause of action with leave to amend, as follows.

Plaintiff shall file a motion for leave to file an amended complaint pursuant to Rule 15(a)(2) no later than December 7, 2018. As discussed, any amendment to plaintiff's § 845.6 cause of action must be supported by additional factual allegations, if any exist, about the alleged conversation between the decedent and the unidentified guard and may also be supported by factual allegations based on the SQSP records plaintiff received on October 23, 2018. Because the court has already granted plaintiff leave to amend his § 845.6 claim, plaintiff need not move to amend that claim.

In addition, plaintiff's proposed amended complaint, which must be filed concurrently with plaintiff's Rule 15 motion, may name additional defendants or state additional claims that are supported by any additional factual allegations plaintiff wishes to include. However, because plaintiff has already amended once as a matter of right under Rule 15(a), see Dkt. 9, the State has the right to oppose those additional amendments. Accordingly, unlike the above-described § 845.6 amendment, plaintiff must either obtain defendant's consent to include the additional amendments or explain in the motion for leave to amend how the additional amendments satisfy the applicable Rule 15 standard.

Lastly, plaintiff's amended complaint shall not include (1) any references to Asiana Stewart or allegations suggesting there is more than one plaintiff; or (2) any reference to inapplicable California state procedural law. More generally, plaintiff shall ensure that the proposed amended complaint does not contain any remnants of past complaints or contain matters that have been excluded by the court. See, e.g., SAC ¶ 5 ("Defendant CDCR"); ¶ 8 ("This Court is the proper venue for this action under Code of Civil Procedure section 395(a)"),

After reconsidering the most efficient way to proceed, the court VACATES the

3

deadlines set during the November 28, 2018 hearing in favor of the following:

- **December 7, 2018**: Deadline for plaintiff to file his motion for leave to file an amended complaint and proposed amended complaint pursuant to Rule 15.
- **December 17, 2018**: Deadline for defendant to file its opposition to plaintiff's Rule 15 motion.
- **December 21, 2018**: Deadline for plaintiff to file his reply, if any, in support of his Rule 15 motion.

The court will decide plaintiff's Rule 15 motion on the papers. When it does so, it will set defendant's deadline to respond and set a deadline for plaintiff to serve defendant Davis and, if necessary, any additional defendants. Of course, in lieu of the above schedule, the parties may stipulate to plaintiff filing an amended complaint.

**IT IS SO ORDERED.**

Dated: November 29, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge