UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH STEWART, et al.,
    Plaintiffs,

v.

STATE OF CALIFORNIA, et al.,
    Defendants.

Case No. 18-cv-01778-PJH

**ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT**

Re: Dkt. No. 43

Before the court is plaintiff Kenneth Stewart, III's motion for leave to file a third amended complaint. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

This lawsuit arises out of plaintiff's father's, Kenneth E. Stewart, Jr.'s (the "decedent"), suicide committed while an inmate at San Quentin State Prison ("SQSP"). The court dismissed plaintiff's First Amended Complaint because it was too threadbare and merely recited the elements of plaintiff's claims. Dkt. 24.

On November 29, 2018, the court granted in part and denied in part defendant State of California's (the "State") motion to dismiss plaintiff's Second Amended Complaint (the "SAC"). Dkt. 41. Specifically, the court denied the State's motion to dismiss plaintiff's claim brought under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12132 & the Rehabilitation Act (the "RA") and granted with leave to amend the State's motion with respect to plaintiff's Cal. Gov. Code § 845.6 claim. Id. The court found that plaintiff's § 845.6 claims remained too conclusory to state a plausible claim for relief because, though plaintiff alleged a conversation took place between the decedent and an

SQSP guard, the SAC was devoid of factual allegations providing context to that conversation. Dkt. 41 at 1-2.

During the hearing on the State's motion to dismiss the SAC, plaintiff requested leave to amend his complaint a third time to include allegations based on SQSP records plaintiff received on October 23, 2018. Accordingly, the court's November 29, 2018 order directed plaintiff to file a motion for leave to file a Third Amended Complaint (the "TAC"). With respect to plaintiff's Cal. Gov. Code § 845.6 claim, the court stated that "any amendment to plaintiff's § 845.6 cause of action must be supported by additional factual allegations, if any exist, about the alleged conversation between the decedent and the unidentified guard and may also be supported by factual allegations based on the SQSP records[.]" Dkt. 41 at 3.

Plaintiff's motion for leave to file the TAC is now before the court. The TAC primarily adds allegations relating to the decedent's placement into Administrative Segregation ("Ad Seg"). The TAC alleges that on January 21, 2017, defendants Jeffrey M. Carlton, Eric E. Evans, and Jack E. Dougery placed the decedent into Ad Seg for non-disciplinary reasons. TAC ¶ 16. Despite policies to the contrary, the decedent, who defendants knew to be seriously mentally ill, was left in Ad Seg for a period exceeding 72 hours. TAC ¶¶ 17-19. On January 25, 2017, defendant April D. Maxfield, a Correctional Counselor at SQSP, visited the decedent and "determined that the decedent would remain in Ad Seg indefinitely, despite the fact that she knew the decedent was mentally ill, had already been in Ad Seg for five consecutive days, and knew that [the] decedent had requested, and had continually been denied any mental health care." TAC ¶ 22. Further, the TAC alleges that Maxfield knew that the decedent's continued placement in Ad Seg and the continued failure to provide medical care would likely result in the decedent committing suicide. Id. Nonetheless, Maxfield failed to take any action to summon appropriate care, even though Maxfield was aware that the decedent's mental health had deteriorated during his time in Ad Seg. Id. ¶ 22.

Two days later, the decedent was found dead in his cell and the cause of death

was determined to be asphyxia resulting from suicide by hanging. Id. ¶ 23.

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). "Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is being sought by plaintiffs in bad faith or with a dilatory motive. Id.

The State only opposes plaintiff's motion with respect to plaintiff's § 845.6 claim. The State argues that in contravention of this court's November 29, 2018 order, plaintiff has failed to provide any additional context about the decedent's conversation with the unidentified guard. Thus, according to the State, plaintiff should not be allowed to amend his § 845.6 claim.

The court disagrees. The TAC's allegations about the decedent's nearly week-long non-disciplinary placement into Ad Seg and about defendant Maxfield's January 25 visit elevates plaintiff's § 845.6 claim from conclusory to plausible. Accordingly, the court finds that the proposed amendment would not be futile.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a TAC is GRANTED. Plaintiff shall file the TAC by January 4, 2019. Plaintiff shall serve all defendants by January 25, 2019.

**IT IS SO ORDERED.**

Dated: January 2, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

3