United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH STEWART,
    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,
    Defendants.

Case No. 18-cv-01778-PJH

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 61

    Before the court is defendants Scott Kernan and Ronald Davis' (the "supervisor defendants") motion to dismiss plaintiff Kenneth Stewart, III's Third Amended Complaint (the "TAC"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 10, 2019, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion, for the following reasons.

    This lawsuit arises out of plaintiff's father's, Kenneth E. Stewart, Jr. (the "decedent"), suicide committed while an inmate at San Quentin State Prison ("SQSP"). The TAC alleges that the decedent was "identified by SQSP staff as having a serious mental illness." Id. Nonetheless, SQSP staff placed the decedent in indefinite administrative segregation ("Ad Seg") for non-disciplinary reasons after he was the victim of an attack by other inmates. Id. ¶¶16, 17. Six days later, while the decedent was still in Ad Seg, the decedent committed suicide. TAC ¶ 23.

    At times relevant to this suit, Kernan was the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and Davis was SQSP's warden. TAC ¶¶ 4-5. The TAC alleges that Kernan and Davis failed to communicate to SQSP

1 staff the CDCR policy that seriously mentally ill inmates may not be placed in Ad Seg for
2 non-disciplinary reasons for a period exceeding 72 hours.  Id. ¶¶ 18-19; see also
3 Coleman v. Brown, 28 F. Supp. 3d 1068, 1100 (E.D. Cal. 2014) (imposing policy on the
4 CDCR).  According to the TAC, Kernan and Davis' "failure to communicate such a policy
5 was done with a willful and deliberate indifference to [the] [d]ecedent's rights and safety"
6 and the supervisor defendants knew that such a failure would foreseeably result in the
7 complained of constitutional deprivations.  Id. ¶¶ 18-19.

8 Based on those facts, plaintiff asserts two claims against the supervisor
9 defendants: (i) a 42 U.S.C. § 1983 claim premised on alleged violations of the Eighth and
10 Fourteenth Amendments; and (ii) a state law negligence claim.

11 A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims
12 alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).
13 Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8,
14 which requires that a complaint include a "short and plain statement of the claim showing
15 that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be
16 dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or
17 has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple,
18 Inc., 729 F.3d 953, 959 (9th Cir. 2013).  A complaint, however, must not be dismissed if it
19 proffers sufficient facts to state a claim for relief that is plausible on its face.  Bell Atlantic
20 Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

21 "Under Section 1983, supervisory officials are not liable for actions of subordinates
22 on any theory of vicarious liability.  A supervisor may be liable only if (1) he or she is
23 personally involved in the constitutional deprivation, or (2) there is a sufficient causal
24 connection between the supervisor's wrongful conduct and the constitutional violation."
25 Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (omitting citations and quotation
26 marks).  Here, plaintiff must allege that the supervisor defendants' "failure to train
27 amounted to deliberate indifference."  Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir.
28 1998).  The court finds that the TAC plausibly alleges supervisory liability against Kernan

2

and Davis under both the Eighth and Fourteenth Amendments. See Cty. of Sacramento v. Lewis, 523 U.S. 833, 849-50 (1998) (discussing "deliberate indifference" standard in context of prison officials' failure to attend to the medical needs of prisoners).

The court also finds that plaintiff has sufficiently alleged a state law negligence claim against Kernan and Davis. "[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." Lawson v. Superior Court, 180 Cal. App. 4th 1372, 1389 (2010) (alteration in original). "There is a special relationship between jailer and prisoner, imposing on the former a duty of care to the latter." Giraldo v. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 250 (2008) (omitting quotation marks). The court finds that the TAC adequately alleges that the supervisor defendants breached their duty to communicate the Coleman-related policy to SQSP staff and that that breach proximately caused the alleged harm.

## CONCLUSION

For the foregoing reasons, the supervisor defendants' motion to dismiss is DENIED. Plaintiff, however, may not pursue his § 1983 claim against Kernan and Davis in their official capacities because plaintiff has affirmatively abandoned that theory of relief. Dkt. 63 at 5:16-17 ("Plaintiff confirms that the Section 1983 claim against Kernan and Davis is only asserted against th[o]se [d]efendants in their individual capacities.").

**IT IS SO ORDERED.**

Dated: March 25, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

3