UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH STEWART,

    Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 18-cv-01778-PJH

**ORDER DENYING EX PARTE MOTION TO SHORTEN TIME**

Re: Dkt. No. 86

The court is in receipt of plaintiff Kenneth Stewart's "ex parte" motion to shorten time for hearing on his proposed motion to modify the scheduling order and proposed motion for leave to take more than ten depositions (Dkt. 86).

Local Rule 7-10 requires a party filing a motion ex parte to cite the specific statute, rule, or order that permits the use of such motion under the given circumstances. Civ. L.R. 7-10.

In his ex parte motion, plaintiff cites only Federal Rule of Civil Procedure 6(c)(1)(C) and Local Rule 7-10. Plainly, Local Rule 7-10 itself may not circuitously serve as the rule authorizing plaintiff to use an ex parte motion to obtain the relief requested. Federal Rule of Civil Procedure 6(c)(1)(C) allows a motion to be heard at a different time than would otherwise follow Rule 6(c)'s regular notice procedures upon a court order. Fed. R. Civ. Pro. 6(c)(1)(C). That rule further provides that a party "may, for good cause, apply ex parte" for such order. Id. However, plaintiff has not shown how this rule applies to the instant circumstances, particularly when Local Rule 6-3(a)(4) expressly contemplates the sort of administrative relief he seeks here. Civ. L.R. 6-3(a)(4) ("6-3. Motion to Change Time . . . (a)(4) If the motion is ***to shorten time for the Court to hear a motion*** . . . ")

(emphasis added).  As a result, plaintiff has failed to satisfy Local Rule 7-10 and his motion is DENIED.[1]

**IT IS SO ORDERED.**

Dated: November 5, 2019

                                            /s/ Phyllis J. Hamilton
                                            PHYLLIS J. HAMILTON
                                            United States District Judge

---

[1] In any event, plaintiff has not actually filed his proposed motions.  Given their absence, there is no schedule for the court to shorten in the first instance.